UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:20-cv-00019
(5:18-cr-00027-KDB-DCK-3)

| | |
|---|---|
| SCOTT RODRIGUEZ SERRANO, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | ORDER |

**THIS MATTER** is before the Court on initial screening of Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. [CV Doc. 1].[1]

**I.     BACKGROUND**

On June 19, 2018, pro se Petitioner Scott Rodriguez Serrano ("Petitioner") was charged in a Superseding Bill of Indictment with one count of methamphetamine trafficking conspiracy in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count One); five counts of distribution of and possession with intent to distribute methamphetamine and aiding and abetting the same in violation of 18 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 2 (Counts Two through Six); and one count of possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c) (Count Nine) [CR Doc. 23: Superseding Bill of Indictment].

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 5:20-cv-00019-KDB, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 5:18-cr-00027-KDB-DCK-3.

Petitioner agreed to plead guilty to Counts One and Five pursuant to a written plea agreement and the Government agreed to dismiss the remaining counts against Petitioner. [CR Doc. 45: Plea Agreement]. The plea agreement set forth the parties' agreement to jointly recommend, among other things, the following:

> b. The Defendant should receive a 2-level weapon enhancement, pursuant to U.S.S.G. § 2D1.1(b)(1).
>
> c. The Defendant should receive a 2-level enhancement because he used violence, pursuant to U.S.S.G. § 2D1.1(b)(2).
>
> d. The Defendant should receive a 3-level role enhancement pursuant to U.S.S.G. § 3B1.1, because he was a supervisor of a conspiracy involving five or more participants.

[Doc. 45 at ¶ 8(b)-(d)].

On October 1, 2018, Petitioner pleaded guilty in accordance with the plea agreement. [CR Doc. 53: Acceptance and Entry of Guilty Plea]. At the plea hearing, the Magistrate Judge conducted a thorough plea colloquy in which Petitioner attested that he had spoken with his attorney regarding how the sentencing guidelines might apply to his case; that he was, in fact, guilty of the offenses to which he was pleading guilty; that he understood the terms of his plea agreement; and that he was satisfied with the services of his attorney. [Id. at ¶¶ 13, 24-26, 35]. Finally, Petitioner testified that he had heard and understood all parts of the proceeding and that he still wished to plead guilty. [Id. at ¶ 37]. Thereafter, the Magistrate Judge determined that Petitioner's guilty plea was knowingly and voluntarily made and accepted Petitioner's plea. [Id. at 4].

Before Petitioner was sentenced, a probation officer prepared a Presentence Investigation Report (PSR). [CR Doc. 78: PSR]. In the PSR, and in keeping with the plea agreement, the probation officer recommended the application of a two-level firearm enhancement under U.S.S.G.

2

§ 2D1.1(b)(1); a two-level enhancement for the use of violence under U.S.S.G. § 2D1.1(b)(2); and a three-level enhancement for Petitioner's role as a manager or supervisor in the offense under U.S.S.G. § 3B1.1(b) . [Id. at ¶¶ 48, 49, 53].  The probation officer also recommended application of other enhancements not recommended in the plea agreement. [Id. at ¶¶ 50-51]. Accounting for all the enhancements, the probation officer recommended a Total Offense Level (TOL) of 43 and Criminal History Category of II, yielding a guideline term of imprisonment of life. [Id. at ¶¶ 59, 73, 104].  Petitioner objected to the enhancements that were not recommended in the plea agreement and the Government agreed they should not apply. [CR Doc. 77: Objections to PSR]. The Court sustained Petitioner's objection on this issue. Without these additional enhancements, the guideline range was 324 to 405 months' imprisonment. [CR Doc. 91: Statement of Reasons].

Petitioner was sentenced on February 20, 2019.  After accepting a recommendation by both parties to depart to a TOL of 37 (235 to 293 months in custody), the Court sentenced Petitioner to a term of imprisonment of 235 months on each of Counts One and Five, to be served concurrently, for a total term of imprisonment of 235 months. [Id. at 2-3; CR Doc. 90: Judgment at 2]. Judgment on Petitioner's conviction was entered on March 7, 2019. [Id.]. Petitioner did not appeal.

Petitioner timely filed the present motion to vacate.  Petitioner argues that his counsel was ineffective because she "wrongfully advised" Petitioner" to enter a plea of guilty to an [*sic*] plea agreement which contained several enhancements from the sentencing guidelines manual to increase his offense level dramatically," including U.S.S.G. §§ 2D1.1(b)(1), 2D1.1(b)(2), and 3B1.1(B), and because she failed to object to these enhancements.  [CV Doc. 1 at 4, 13-17]. Petitioner claims that "his conduct did not satisfy the elements of either [*sic*] section that would warrant such increase." [Id. at 13]. For relief, Petitioner seeks that his sentence be vacated, and he be resentenced without the enhancements. [Id. at 12].

3

## II. STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. In many cases, an evidentiary hearing is required to determine whether or not counsel was ineffective for misadvising a petitioner about a plea offer. See generally United States v. Witherspoon, 231 F.3d 923, 926–27 (4th Cir. 2000); 28 U.S.C.A. § 2255(b). After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. To show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010).

Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

To establish prejudice in the context of a guilty plea, a petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). In evaluating claims under § 2255, statements made by a defendant under oath at the plea hearing carry a "strong presumption of verity" and present a "formidable barrier" to subsequent collateral attacks. Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). "[C]ourts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy." United States v. Lemaster, 403 F.3d 216, 216, 221-22 (4th Cir. 2005). Indeed, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should dismiss … any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Id. at 221-22.

When the ineffective assistance claim relates to a sentencing issue, the petitioner must demonstrate a "'reasonable probability' that her sentence would have been more lenient" but for counsel's error. Royal v. Taylor, 188 F.3d 239, 249 (4th Ci1. 1999) (quoting Strickland, 466 U.S.

5

at 694)). If the petitioner fails to meet this burden, the "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

Petitioner has failed to present a colorable claim under § 2255.[2] Here, Petitioner claims his attorney was ineffective because she "wrongfully advised" Petitioner to plead guilty pursuant to a plea agreement in which the parties agreed to jointly recommend certain enhancements. Plaintiff also argues that he received ineffective assistance because his attorney failed to object to the enhancements to which Petitioner had already specifically agreed. Petitioner's motion, however, necessarily relies on allegations that contradict the sworn statements at his Rule 11 colloquy. See Lemaster, 403 F.3d at 221-22. Namely, Petitioner testified at his Rule 11 hearing that he understood the terms of the plea agreement, that he had discussed how the sentencing guidelines might apply to his case, and that he had heard and understood all parts of the proceeding and that he still wished to plead guilty. As such, Petitioner cannot show deficient performance by his attorney relative to her pre-plea advice to plead guilty. Further, Petitioner has not shown that it would have been reasonable for him to proceed to trial, but for his counsel's alleged (though unsubstantiated) errors, in any event. The probation officer's original TOL recommendation was 43. Petitioner was ultimately sentenced based on a guideline range yielded from a TOL of 37 (and Criminal History Category of II). Under these circumstances, proceeding to trial on the original seven charges would have been objectively unreasonable.

Finally, Petitioner's claim that his attorney should have objected to the enhancements to which Petitioner had expressly agreed in his plea agreement is wholly without merit. Any such

---

[2] To the extent that Petitioner purports to directly challenge his sentence, this challenge is barred by the waiver in his plea agreement, [CR Doc. 45 at ¶¶ 16-17], and is procedurally barred, see Bousley v. United States, 523 U.S. 614, 621-22 (1998).

6

objection at sentencing would have been patently unreasonable and undermined the plea agreement itself. As such, Petitioner has not and cannot show a reasonable probability that he would have received a lower sentence had his attorney objected to the enhancements at issue. See Meyer, 506 F.3d at 369; see Royal, 188 F.3d at 249.

In sum, Petitioner's motion will be denied and dismissed. Petitioner failed to show that his counsel's performance was deficient or that he was prejudiced in any way. See Strickland, 466 U.S. at 687-88; Royal, 188 F.3d at 249.

The Court, therefore, denies and dismisses Petitioner's motion.

## IV. CONCLUSION

For the foregoing reasons, the Court denies and dismisses Petitioner's Section 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1] is **DENIED** and **DISMISSED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS SO ORDERED**.

Signed: June 2, 2020

Kenneth D. Bell
United States District Judge